**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:15-CR-62** |
| **vs.** | § | |
| | § | |
| | § | |
| **MICHAEL SHON McKINLEY (14)** | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On April 8, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Matt Millslagle.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony, Michael Shon McKinley ("Defendant") was sentenced on August 24, 2016 by United States District Judge Michael H. Schneider. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Defendant was sentenced to 37 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, alcohol abstinence and a $100 special assessment. Defendant completed his term of imprisonment and began his term of supervised release on August

20, 2018.  On February 5, 2019, the case was transferred to United States District Judge Jeremy D. Kernodle.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on February 6, 2019, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**  It is alleged that Defendant failed to report to the probation officer for scheduled appointments on January 17, 2019 and January 28, 2019.  It is also alleged that Defendant failed to submit an online report for January 2019.

2. **Allegation 2 (standard condition 6):  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**  It is alleged that Defendant moved to an unknown residence without notifying the probation officer and his whereabouts were unknown.

3. **Allegation 3 (standard condition 7):  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant submitted a urine specimen on September 11, 2018 that tested positive for cocaine and that he signed an admission form admitting to cocaine use.

4. **Allegation 4 (standard condition 10):  The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.**  It is alleged that Defendant was scheduled for a home visit on January 15, 2019 between 10:00 a.m. and 12:00 p.m., but Defendant was not home.

5. **Allegation 5 (special condition):  The defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.**  It is alleged that Defendant failed to submit urine samples as required by the Random Drug Testing Program on January 14, 17, 25, and 30, 2019, and February 4, 2019.  It is also alleged that Defendant failed to attend a scheduled counseling session with Licensed Professional Counselor Sherry Young on January 18, 2019 at 9:00 a.m.

6. **Allegation 6 (special condition): The defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.** It is alleged that Defendant failed to attend scheduled counseling sessions with Licensed Mental Health Counselor Alison Bernard on January 14, 2019 at 3:00 p.m. and January 27, 2019 at 4:00 p.m.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing cocaine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, capped by the statutory maximum of 2 years.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report for scheduled appointments, failing to submit an online report, failing to notify the probation officer of his new address, failing to be at home for a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

scheduled home visit, failing to submit to drug testing, failing to attend substance abuse counseling and failing to comply with mental health counseling as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment.

### *Hearing*

On April 8, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 21 months of imprisonment, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FMC Ft. Worth or FCI Seagoville to facilitate his medical needs.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 21 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 21 months of imprisonment, with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth or FCI Seagoville to facilitate his medical needs.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 21 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 8th day of April, 2019.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE